IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODERICKA DAVIS, | § | |
| Dall. Cnty. Jail BookIn No. 22015956, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1785-B-BN |
| | § | |
| OFFICER THOMAS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Rodericka Davis, an inmate at the Dallas County jail, brings claims through an amended civil rights complaint against at least one officer at the jail, seeking "compensation" and alleging that the officer was "very disrespectful and unprofessional" and "threaten[ed]" and "curse[d]" at inmates, including Davis. Dkt. No. 13.

Following screening in the division where Davis and others filed this lawsuit, her claims were transferred to the Dallas Division, and United States District Judge Jane J. Boyle referred them to the undersigned United States magistrate judge for further screening under 28 U.S.C. § 636(b) and a standing order of reference.

Under the Prison Litigation Reform Act, where prisoners – whether they are incarcerated or detained pending trial – seek relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief

from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable to Davis's civil rights complaint seeking compensation for the officer's behavior, 42 U.S.C. § 1997e(e) "applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (per curiam) (collecting cases).

So, Davis's "failure to allege physical injury falls squarely under § 1997e(e)'s bar, precluding [the] recovery of compensatory damages for emotional or mental injuries allegedly suffered as a result of the purported [constitutional] violation." *Id.* *Cf. Hutchins v. McDaniel*, 512 F.3d 193, 197 (5th Cir. 2007) ("§ 1997e(e) turns on the relief sought, [so] the physical injury requirement does not bar declaratory or injunctive relief for violations of a prisoner's Constitutional rights." (citing *Geiger*, 404 F.3d at 375; *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999))).

And, although Davis does not request declaratory or injunctive relief, had she – or should she seek leave to amend to request that relief – her claims are still subject to dismissal. *See, e.g.*, *Field v. Corrs. Corp. of Am., Inc.*, 364 F. App'x 927, 930 (5th Cir. 2010) (per curiam) ("On his claim[] … that he was verbally and mentally abused by the staff and other offenders, Field cannot present a nonfrivolous issue on appeal. *See Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir. 1995) (verbal threats do not rise to the level of a constitutional violation).").

## Recommendation

The Court should dismiss this case with prejudice under 28 U.S.C. § 1915A.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 17, 2022

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE